Todd Blanche
Acting Attorney General of the United States
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
402 E. Yakima Ave.
Yakima, WA 98908
Telephone: (509) 454-4425

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 1 7 2026

SEAN F. MCAVOY, CLERK
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

CARLOS RAMIREZ, JR.,

Defendant.

Case No.: 1:25-CR-02002-MKD

PLEA AGREEMENT

Plaintiff United States of America, by and through Thomas J. Hanlon, Assistant United States Attorney for the Eastern District of Washington, and Defendant Carlos Ramirez, Jr., ("Defendant"), both individually and by and through Defendant's counsel, Craig D. Webster, agree to the following Plea Agreement, pursuant to Fed. R. Crim. P. 11(c)(1)(C).

1.    Guilty Plea and Maximum Statutory Penalties:

Defendant agrees to enter a plea of guilty to the Indictment filed on January 14, 2025, which charges Defendant with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).

Defendant understands that the following potential penalties apply:

a.    A term of imprisonment of no more than 15 years;

b.    A term of supervised release of not more than three (3) years;

PLEA AGREEMENT - 1

    c.    a fine of up to $250,000.00; and

    d.    a $100 special penalty assessment.

2.    <u>Supervised Release</u>:

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, up to the following terms:

    a.    Five (5) years in prison if the offense that resulted in the term of supervised release is a class A felony,

    b.    Three (3) years in prison if the offense that resulted in the term of supervised release is a class B felony, and/or

    c.    Two (2) years in prison if the offense that resulted in the term of supervised release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.    <u>The Court is Not a Party to this Plea Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

    a.    Sentencing is a matter solely within the discretion of the Court;

    b.    The Court is under no obligation to accept any recommendations made by the United States or Defendant;

PLEA AGREEMENT - 2

    c.    The Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

    d.    The Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

    e.    The Court is required to consider the applicable range set forth in the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), but may depart upward or downward under certain circumstances.

4.    <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

    a.    pleading guilty in this case may have immigration consequences;

    b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

    c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

    d.    no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5.    <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

PLEA AGREEMENT - 3

    a.    the right to a jury trial;

    b.    the right to see, hear and question the witnesses;

    c.    the right to remain silent at trial;

    d.    the right to testify at trial; and

    e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.    Rule 11 Nature of the Plea Agreement

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the instant case is a sentence within a range of 30 to 37 months in custody, to be followed by a three-year term of Supervised Release. The United States may recommend that the court impose a sentence of 37 months imprisonment. The Defendant may recommend the court impose a sentence of 30 months imprisonment. Furthermore, in 1:22-CR-2072-MKD, the United States and the Defendant agree to recommend that the Court impose a sentence of 18 months imprisonment, to run consecutive to, any sentence imposed in the instant case. Therefore, as to the instant case and 1:22-CR-2072-MKD, the United States and the Defendant agree to recommend that the court impose a sentence within a range of 48 to 55 months. Although the United States and Defendant agree to make these recommendations to the Court pursuant to Rule 11(c)(1)(C), Defendant

PLEA AGREEMENT - 4

acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will ultimately impose.

Defendant understands that Defendant may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of greater than 55 months or indicates its intent to do so.  Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 48 months or a term of supervised release of less than three years, or indicates its intent to do so.

The United States and Defendant acknowledge that the imposition of any fine, restitution, or conditions of Supervised Release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the United States and Defendant are free to make any recommendations they deem appropriate as to the imposition of fines, restitution, or conditions of Supervised Release; and that the Court will exercise its discretion in this regard.  The United States and Defendant acknowledge that the Court's decisions regarding the imposition of fines, restitution, or conditions of Supervised Release will not provide bases for Defendant to withdraw Defendant's guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

Defendant acknowledges that if either the United States or Defendant successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and the United States is no longer bound by any representations within it.

7.    Elements of the Offense:

The United States and Defendant agree that in order to convict Defendant of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), the United States would have to prove the following beyond a reasonable doubt.

PLEA AGREEMENT - 5

a. *First*, on June 27, 2024, in the Eastern District of Washington, the Defendant knowingly possessed a Glock, Model 19X, 9 millimeter handgun bearing serial number BPTE927;

b. *Second*, the Glock, Model 19X, 9 millimeter handgun bearing serial number BPTE927 had been transported between a foreign nation and the United States; and

c. *Third*, at the time the defendant possessed the Glock, Model 19X, 9 millimeter handgun bearing serial number BPTE927, the defendant had been convicted of a crime punishable by a term of imprisonment exceeding one year; and

d. *Fourth,* at the time the defendant possessed the Glock, Model 19X, 9 millimeter handgun bearing serial number BPTE927, the defendant knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

8. Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing.

On or about January 17, 2023, the Defendant was convicted of being a Felon in Possession of Firearms, in United States District Court for the Eastern District of Washington, in cause number 1:22-CR-02072-MKD-1. On that same day, the Defendant was sentenced to a term of 30 months imprisonment to be followed by three years of supervised release. On or about December 28, 2023, the

PLEA AGREEMENT - 6

Defendant's term of supervised release commenced. The Defendant knew he had been convicted of a felony offense and knew that he was prohibited from possessing a firearm and/or ammunition.

On June 27, 2024, a police officer with the Yakima Police Department ("YPD") observed a vehicle traveling at a high rate of speed. The vehicle was speeding in the City of Yakima located in the Eastern District of Washington. The Defendant was operating the suspect vehicle and there were no other occupants inside of the car. The Defendant slammed on the brake but ultimately struck the side of the YPD vehicle. The Defendant took off at a high rate of speed. The YPD officer activated his emergency siren/overhead lights and pursued the suspect vehicle. The Defendant approached a busy intersection, lost control of the vehicle, and crashed into a fence.

The YPD officer observed the Defendant exit the vehicle and run. The YPD officer observed that the Defendant had a firearm in his hand. The Defendant attempted to climb over a fence but was unable to do so. The Defendant tossed his firearm which landed on the cover of a parked Ford truck. After tossing the firearm, the Defendant turned around and walked towards the officer. The Defendant appeared to be intoxicated and was apprehended.

The YPD officer walked to the area where the Defendant threw his gun. The officer recovered a Glock, Model 19X, 9 millimeter handgun bearing serial number BPTE927. The firearm contained a loaded 30 round magazine and was equipped with what is known as a "Glock Switch." The YPD officer was aware that the "Glock Switch" altered the firearm from a semi-automatic to a fully functioning "machine gun." In other words, the user of the firearm could expel multiple rounds by a single function of the trigger. The Defendant was advised of his Constitutional rights. After the advisement of his rights, the Defendant advised that he ran from the police, "because of what I had in my pocket." The Defendant

PLEA AGREEMENT - 7

was booked into the Yakima County jail and released back into the community the following day.

On or about July 2, 2024, in 1:22-CR-02072-MKD-1, a violation report was filed and a warrant was subsequently issued for the Defendant's arrest.

The Defendant was subsequently found in Mexico, detained, and transported back to the United States.

An interstate nexus expert determined that the above firearm had been manufactured in Austria and therefore had been transported between a foreign nation and the United States.

9.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

10.    United States Sentencing Guidelines Calculations:

Defendant understands and acknowledges that the U.S.S.G. apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines.  The United States and Defendant agree to the following Guidelines calculations.

a.    *Base Offense Level*:

The United States and the Defendant believe that the base offense level is 20.  U.S.S.G. § 2K2.1(a)(4)(B).

b.    *Special Offense Characteristics*:

The United States and the Defendant do not believe that there are any special offense characteristics applicable to the instant case.

c.    *Acceptance of Responsibility*:

The United States will recommend that Defendant receive a downward

PLEA AGREEMENT - 8

adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

        i.      accepts this Plea Agreement;

       ii.     enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

      iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

      iv.    provides complete and accurate information during the sentencing process; and

      v.     does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

      d.    <u>Agreements Regarding Representations to the Court</u>

The United States has a duty of candor to the tribunal. If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

With regard to all briefing, submissions, and hearings in this criminal case,

PLEA AGREEMENT - 9

the United States and Defendant agree to the following provisions:

    i.    The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

    ii.    The United States and Defendant may each supplement the facts under consideration by the Court by providing information the United States or Defendant deems relevant;

    iii.    The United States and Defendant may each present and argue any additional facts that the United States or Defendant believe are relevant to the Sentencing Guidelines computation or sentencing;

    iv.    The United States and Defendant may each present and argue information that may already be known to the Court, including information contained in the Presentence Investigation Report;

    v.    The United States and Defendant may each respond to any arguments presented by the other;

    vi.    In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence recommended by the United States on any basis, including arguments for a lower offense level, a lower criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

PLEA AGREEMENT - 10

vii.     In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any basis, including arguments for a higher offense level, a higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

viii.    The United States may make any sentencing arguments the United States deems appropriate so long as they are consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and

ix.      Defendant may make any sentencing arguments consistent with this Plea Agreement Defendant deems appropriate.

e.    No Other Agreements

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances.

f.    Criminal History

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

PLEA AGREEMENT - 11

11. Incarceration

At the time of Defendant's original sentencing in the District Court, the United States agrees to make a sentencing recommendation to the Court that is consistent with this Plea Agreement. The United States' agreement to make such a recommendation is limited exclusively to the time of Defendant's original sentencing in the District Court. The United States' agreement to make such a recommendation does not prohibit or limit in any way the United States' ability to argue for or against any future sentencing modification that takes place after Defendant's original sentencing in the District Court, whether that modification consists of an amendment to the Guidelines, a change to a statutory minimum or maximum sentence, any form of compassionate release, any violation of Supervised Release, or any other modification that is known or unknown to the parties at the time of Defendant's original criminal sentencing. In this Plea Agreement, the United States makes no promises or representations about what positions the United States will take or recommendations the United States will make in any proceeding that occurs after Defendant's original sentencing in the District Court.

The United States agrees to recommend that the Court impose a term of imprisonment of 37 months. Furthermore, in 1:22-CR-2072-MKD, the United States agrees to recommend that the Court impose a sentence of 18 months imprisonment, to run consecutive to, any sentence imposed in the instant case, for a total of 55 months confinement.

The Defendant agrees to recommend that the Court impose a term of imprisonment of 30 months. Furthermore, in 1:22-CR-2072-MKD, the Defendant agrees to recommend that the Court impose a sentence of 18 months imprisonment, to run consecutive to, any sentence imposed in the instant case, for a total of 48 months confinement.

12. Supervised Release

PLEA AGREEMENT - 12

The United States and Defendant each agree to recommend three (3) years of supervised release. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

    a.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

    b.    Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

    c.    Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to the Defendant's ability.

13.   <u>Criminal Fine</u>

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for

PLEA AGREEMENT - 13

Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

### 14. Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

### 15. Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

### 16. Additional Violations of Law Can Void Plea Agreement

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

### 17. Waiver of Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

In return for the concessions that the United States has made in this Plea Agreement, Defendant expressly waives all of Defendant's rights to appeal any aspect of Defendant's conviction and/or the sentence the Court imposes, on any grounds, so long as the Court imposes a term of incarceration consistent with this Rule 11(c)(1)(C) Plea Agreement. Defendant further expressly agrees that if the Court indicates its intent to impose a sentence higher than the term or range consistent with the Rule 11(c)(1)(C) terms of this Plea Agreement, Defendant has fourteen (14) days from the sentencing hearing to file with the Court a notice of

PLEA AGREEMENT - 14

withdrawal from the Rule 11(c)(1)(C) Plea Agreement. Defendant expressly waives Defendant's right to withdraw from the Rule 11(c)(1)(C) Plea Agreement more than fourteen (14) days after the Court either imposes a sentence higher than the term or range consistent with the Rule 11(c)(1)(C) terms of this Plea Agreement, or indicates its intent to do so.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18. Withdrawal or Vacatur of Defendant's Plea

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a. Any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;

    b. The United States may prosecute Defendant on all available charges;

    c. The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another

PLEA AGREEMENT - 15

charging instrument, or were not charged because of this Plea Agreement; and

d.   The United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim alleging a violation of Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19.   Integration Clause

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

PLEA AGREEMENT - 16

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Todd Blanche
Acting Attorney General

_____    6/17/26
Thomas J. Hanlon                                        Date
Assistant United States Attorney

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____    7/15/26
Carlos Ramirez, Jr.                                      Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____    7/15/26
Craig D. Webster                                        Date
Attorney for Defendant

PLEA AGREEMENT - 17